UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEOTIS WEBSTER** | **CIVIL ACTION NO. 06-2416** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on December 27, 2006, by *pro se* petitioner Leotis Webster.  Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving a life sentence imposed following his October 1971 conviction for aggravated rape in the Fourth Judicial District Court, Morehouse Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

On July 20, 1971, petitioner was indicted by the Morehouse Parish Grand Jury for aggravated rape.  On October 20, 1971, petitioner pled guilty without capital punishment and on

1

October 27, 1971, he was sentenced to life imprisonment.[1] Petitioner claims that he unsuccessfully appealed his conviction to the Louisiana Supreme Court; however, review of the presumptively reliable published jurisprudence does not support this allegation.[2]

The published jurisprudence, however, does reveal that sometime prior to August 1973 petitioner filed a petition for writ of *habeas corpus* in the district court. That pleading apparently alleged that petitioner's guilty plea was not knowingly made. An evidentiary hearing was convened and the trial court determined that petitioner's claim was without merit. This finding was upheld on review by the Louisiana Supreme Court which noted that petitioner's plea "...was knowingly made after he was informed of his rights." *State of Louisiana ex rel. Leotis Webster v. C. Murray Henderson, Warden*, 281 So.2d 753 (La. 8/31/1973).

The published jurisprudence also reveals that sometime prior to February 16, 1984, petitioner again sought *habeas corpus* relief in the district court. The district court apparently denied relief and on February 16, 1984, the Supreme Court denied petitioner's application for writs of *certiorari*, prohibition, *mandamus*, or *habeas corpus*. *State of Louisiana ex rel. Leotis Webster v. Ross Maggio, Jr., Warden*, 445 So.2d 447 (La. 2/16/1984).

The published jurisprudence also establishes that sometime prior to February 1, 2002, petitioner again sought relief in the Fourth Judicial District Court. That court's denial of relief resulted in yet another writ application in the Louisiana Supreme Court. On February 1, 2002, the

---

[1] Prior to 1976, aggravated rape was punishable as a capital offense in Louisiana. In *Selman v. Louisiana*, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), decided on July 6, 1976, the Supreme Court held that the death penalty for aggravated rape was unconstitutional.

[2] Petitioner claims that his conviction was affirmed by the Louisiana Supreme Court in 1971 in the matter of *State v. Webster*, 224 So.2d 200 (La. 1971). [see doc. 1-1, p. 6] However there is no such case published in the Southern Reporter, Second Series. Further, it seems highly unlikely that petitioner's appeal could have been resolved in 1971 given the fact that he was sentenced in late October of that year.

Supreme Court again denied writs. *State of Louisiana ex rel. Leotis Webster v. State of Louisiana*, 2001-1290 (La. 2/1/2002), 807 So.2d 856.

Finally, on February 17, 2005, petitioner filed an Application for Post Conviction Relief in the Fourth Judicial District Court. His application was denied on April 18, 2005. [see doc. 1-1, p. 6] His subsequent writ application in the Supreme Court was denied as repetitive on March 17, 2006. *State of Louisiana ex rel. Leotis Webster v. State of Louisiana*, 2005-1669 (La. 3/17/2006), 925 So.2d 530.

Petitioner signed his federal *habeas corpus* petition on December 19, 2006 [doc. 1-1, p. 1]; it was received and filed on December 27, 2006. Petitioner argues two claims for relief, paraphrased as follows: (1) The Grand Jury that indicted him was constituted in violation of the Equal Protection and Due Process Clauses of the Constitution because minorities were excluded from service on account of race; and, (2) Trial counsel rendered ineffective assistance by failing to timely challenge the unconstitutional make up of the grand jury. [doc. 1-1, p. 7]

*Law and Analysis*

*1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that

the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners, such as Mr. Webster, whose convictions were final prior to the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.*

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during

---

[3] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (D) of §2244(d)(1). Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he rely upon a newly discovered factual predicate to his claims. He does, however, imply that the limitations period should be calculated in accordance with subsection ( C ) which reckons the limitation period from "... the date on which the constitutional right asserted was initially recognized by the Supreme Court..." This contention will be addressed hereinafter in Part 2.

which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

Petitioner's judgment of conviction and sentence became final, at the latest, sometime in 1971 when he claims that his conviction and sentence were affirmed by Louisiana's Supreme Court.[4] Since his conviction became final prior to the April, 1996, effective date of the AEDPA, petitioner must be afforded the one-year grace period. In other words, petitioner had until April 24, 1997, to file his federal *habeas corpus* application.

According to the published jurisprudence, petitioner litigated post-conviction claims in the Louisiana courts during the period preceding August 31, 1973 [the date of the Supreme Court's first writ denial (*State ex rel. Webster v. Henderson*, 281 So.2d 753 (La. 8/31/1973)] through February 16, 1984 [the date of the Supreme Court's second writ denial *(State ex rel. Webster v. Maggio*, 445 So.2d 447 (La. 2/16/1984)] Of course, petitioner cannot obtain the benefits of tolling for a limitations period which accrued <u>before</u> the effective date of the AEDPA, and therefore his first and second round of post-conviction litigation had no effect on the determination of limitations.

Petitioner's AEDPA grace period expired on April 24, 1997. It seems unlikely that petitioner had any post-conviction or collateral review pending during that one-year grace period. However, the published jurisprudence does establish that some post-conviction proceeding was pending until February 1, 2002, the date that his third round of collateral attack concluded with

---

[4] Of course, if petitioner did not appeal his conviction and sentence, those judgments became final when the delays for filing an appeal pursuant to La. C.Cr.P. art. 914 lapsed. In either case, it is clear that petitioner's judgment of conviction and sentence became final prior to the 1996 effective date of the AEDPA.

5

the Supreme Court's writ denial. [*State ex rel. Webster v. State*, 2001-1290 (La.  2/1/2002), 807 So.2d 856.] Nevertheless, even if it is assumed that petitioner tolled the limitations period through February 1, 2002 (an unlikely scenario), it is clear that a period in excess of three years elapsed between that date and February 17, 2005, the date he claims to have filed his final application for post-conviction relief in the District Court.  As shown above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Thus, giving petitioner the benefit of every doubt, his claims are time barred by the provisions of 28 U.S.C. §2244(d).

### *2. 28 U.S.C. §2244(d)(1)( C )*

To the extent that petitioner may claim that the AEDPA limitations period should be reckoned from the date of any Supreme Court decision concerning the racial composition of grand juries, such claim would fare no better since petitioner relies upon cases decided in 1977 [*Castaneda v. Partida*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (March 23, 1977)], 1979 [*Rose v. Mitchell*, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (July 2, 1979)], and 1986 [*Vasquez v. Hillery*, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (January 14, 1986)].  Since these cases were decided prior to the effective date of the AEDPA, petitioner would gain nothing from reckoning the limitations period from the date described in §2244(d)(1)( C ).  Further, to the extent that petitioner might suggest that the limitations period should be reckoned from the date the Supreme Court decided *Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (April 21, 1998), that claim would fail for three reasons:  First, the decision in *Campbell* in

no way benefitted the petitioner since *Campbell* merely held that a white defendant has third-party standing to raise equal-protection challenges to discrimination against African-Americans in the selection of a grand jury; Second, *Campbell* did not set forth a new rule of constitutional criminal procedure and therefore petitioner could not rely upon that decision to trigger the reckoning of limitations under §2244(d)(1)( C). See *Peterson v. Cain*, 302 F.3d 508 (2002); and, Finally, even if the petitioner's AEDPA limitations period were reckoned from the date upon which *Campbell* was decided, petitioner's claim would still be time-barred since more than one un-tolled year elapsed between the date of the *Campbell* decision (April 21, 1998) and the date petitioner filed his federal petition.

### *3. Equitable Tolling*

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of equitable tolling. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). Further, equitable tolling should only be applied if the applicant has diligently pursued § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). The record herein demonstrates that petitioner was far from

7

diligent in pursuing his federal claims.

In short, petitioner's petition for writ of *habeas corpus* is clearly barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate. Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 22nd day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE